**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-1186**

_____

LEON BARCLEY STUSALITUS, An Individual,

Plaintiff - Appellant,

v.

ANGELIQUE ORTIZ, a/k/a A. M. Ortiz; KELVIN WRIGHT, In his supervisory capacity as Chief of Police,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Jamar Kentrell Walker, District Judge.  (2:24-cv-00202-JKW-LRL)

_____

Submitted:  September 22, 2025                          Decided:  December 2, 2025

_____

Before KING, RUSHING, and BENJAMIN, Circuit Judges.

_____

Affirmed by unpublished opinion.  Judge Benjamin wrote the opinion, in which Judge King and Judge Rushing joined.

_____

**ON BRIEF:**  Matthew J. Weinberg, INMAN & STRICKLER, P.L.C., Virginia Beach, Virginia, for Appellant.  Melissa Hamann, Deputy City Attorney, Adam J. Lantz, Assistant City Attorney, Office of the City Attorney, CITY OF CHESAPEAKE, Chesapeake, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

DEANDREA GIST BENJAMIN, Circuit Judge:

Leon Barcley Stusalitus sued Officer Angelique Ortiz and Chief of Police Kelvin Wright (in his supervisory capacity) for malicious prosecution. The district court granted the defendants' motion for summary judgment. We hold that the district court did not err by granting the defendants' summary judgment motion.

## I.

Stusalitus' former partner Alaina Cmelik went to a Chesapeake Police Department station to make a report against him for three separate incidents of alleged abduction, occurring on July 22, August 12, and August 15 of 2021. Ortiz took Cmelik's statement and then walked her to the magistrate judge's office. Cmelik presented an affidavit to the magistrate judge, and the magistrate judge found that probable cause existed to issue arrest warrants for three counts of felony abduction. Stusalitus was arrested on those warrants. Stusalitus eventually accepted a plea deal, in which he agreed to a two-year no-contact protective order in exchange for the prosecution to *nolle prosequi*[1] the charges against him.

After accepting the plea deal, Stusalitus filed a complaint with the Chesapeake Police Department. The police department investigated Stusalitus' allegations and determined that Ortiz should have first elevated the felony abduction charges to its criminal investigations section before going to the magistrate judge. The department sent a letter to

---

[1] "[A] nolle prosequi is a discontinuance which discharges the accused from liability on the indictment to which the nolle prosequi is entered." *Miller v. Commonwealth*, 234 S.E.2d 269, 273 (Va. 1977).

2

Stusalitus informing him that his complaint had been investigated, and that the matter had been handled administratively.

Stusalitus then filed a complaint in federal district court, claiming that the defendants maliciously prosecuted him. The defendants filed a motion for summary judgment, and the district court ultimately granted the motion and dismissed the malicious prosecution claim. The district court reasoned that Stusalitus did "not present any evidence to contradict the factual allegations in [Cmelik's] affidavit that was presented to the magistrate." J.A. 80.[2]

We agree and affirm the district court. We have jurisdiction pursuant to 28 U.S.C. § 1291, as this is an appeal of a final decision from the United States District Court for the Eastern District of Virginia.

## II.

"We review a district court's grant of summary judgment de novo." *Bhattacharya v. Murray*, 93 F.4th 675, 686 (4th Cir. 2024) (citing *Guthrie v. PHH Mortg. Corp.*, 79 F.4th 328, 342 (4th Cir. 2023)).

### A.

To state a claim of malicious prosecution, Stusalitus must show that (1) the defendants seized him " 'pursuant to legal process that was *not supported by probable*

---

[2] Citations to "J.A." refer to the joint appendix filed by the parties. The J.A. contains the record on appeal from the district court. Page numbers for citations to the J.A. utilize the "JA#" numbering at the bottom of the page on each document.

3

*cause*, and (2) that the criminal proceedings have terminated in [his] favor.' " *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (internal quotation marks omitted & emphasis added). A reviewing court generally accords "great deference" to a magistrate judge's determination of probable cause. *United States v. Leon*, 468 U.S. 897, 914 (1984). We should decline "to defer only when the finding was not supported by substantial evidence in the record or when the basis of the determination was a knowingly or recklessly false affidavit." *United States v. Davis*, 94 F.4th 310, 316 (4th Cir. 2024) (citation omitted).[3] The affidavit on which a magistrate judge relies is also entitled to a "presumption of validity," and a plaintiff who seeks to overcome that presumption must raise the possibility that information therein is false, with "more than conclusory" allegations. *Franks v. Delaware*, 438 U.S. 154, 171 (1971).

B.

Stusalitus presents two main arguments on appeal—both fail because he cannot show that his arrest was not supported by probable cause.

i.

First, he asserts that under Virginia law, a magistrate judge may only issue a felony arrest warrant based on a civilian complaint if it is first authorized by the Commonwealth's

---

[3] Stusalitus seems to argue that the level of deference given to a magistrate judge is higher for search warrants, and thus *United States v. Davis*, 94 F.4th 310 (4th Cir. 2024), is inapplicable to the arrest warrants here. Appellant's Br. (ECF No. 12) at 6–7. That is not true. The Fourth Circuit has routinely used the standard in *Davis* to review a magistrate judge's finding of probable cause for arrest warrants. *See, e.g., United States v. Clenney*, 631 F.3d 658, 663 (4th Cir. 2011) (citing *Franks v. Delaware*, 438 U.S. 154, 155–56, 171 (1971)); *see also Cahaly v. Larosa*, 796 F.3d 399, 408 (4th Cir. 2015).

4

Attorney or by a law enforcement agency having jurisdiction over the alleged offense. *See* Va. Code Ann. § 19.2-71 (2021). This argument is irrelevant. While the department conceded that Ortiz should have elevated the charges to its investigations section, the first prima facie element to meet a malicious prosecution claim is whether the person was arrested without *probable cause*—not whether the arrest warrant itself was properly issued. Whether the arrest warrants had proper authorization has no bearing on whether the magistrate judge had probable cause to issue the warrants.

ii.

Second, Stusalitus argues that the district court overlooked "clear" evidence contradicting Cmelik's affidavit. The evidence that Stusalitus points to are pictures of Cmelik's diary entries that he attached to his summary judgment opposition brief. But the diary entries are anything but clear.

A threshold issue with the diary entries is authentication. Stusalitus fails to swear to the authenticity of the entries or even attach them to an affidavit or declaration. Unauthenticated evidence presented in such an incautious way should not be considered. *See Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993) ("To be admissible at the summary judgment stage, 'documents must be authenticated by and attached to an affidavit. . . . ' " (quoting 10A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2722, at 58–60 (1983 & 1993 Supp.))); *see also* FED. R. CIV. P. 56(c)(1)(A). "In particular, a letter must be attached to an affidavit and authenticated by its author in the affidavit or a deposition." *Orsi*, 999 F.2d at 92 (internal quotations omitted).

5

Furthermore, the diary entries do not show that Cmelik's affidavit was false. Most of the entries do not include any dates. There is an entry that is dated July 19, 2021, but that is three days *before* Stusalitus allegedly abducted Cmelik. Stusalitus also does not point to any one statement in Cmelik's affidavit that is contradicted due to the attached diary entries. And Stusalitus' conclusory allegations that the affidavit is "entirely illogical" cannot overcome the presumption that the affidavit on which the magistrate judge relied was valid. Appellant's Br. (ECF No. 12) at 10 (hereinafter "Opening Br.").[4]

We could find that probable cause was lacking if Stusalitus made a showing that "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Franks*, 438 U.S. at 155–56. Stusalitus fails to do this, arguing instead that Ortiz "recklessly obtained the felony abduction warrants . . . without investigating the statements made by Cmelik." Opening Br. at 9. Even if he made a successful showing that portions of the affidavit were false, we would still need to determine whether the affidavit, without the false statements, would warrant a probable cause finding. *See Cahaly v. Larosa*, 796 F.3d 399, 408 (4th Cir. 2015); *see also Franks*, 438 U.S. at 156. But without any argument or evidence that undermines the veracity of the affidavit itself, the court cannot undergo that analysis.

\*     \*     \*

---

[4] Page numbers for citations to ECF documents utilize the page numbers in the red header on each document.

6

Accordingly, Stusalitus fails to show a genuine dispute of material fact regarding whether his arrest was supported by probable cause.  The judgment of the district court is thus

*AFFIRMED*.